IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANNA CLAY, NANCY CLAY, and MEREDITH BROWN as next friend of M.C., A MINOR, | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:20-CV-724-LY |
| PALFINGER USA, LLC and MACK TRUCKS, INC., | § § § § | |
| *Defendants,* | § | |

**DEFENDANT MACK TRUCKS, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MACK'S MOTION TO DISMISS**

Defendant Mack Trucks, Inc. (Mack) files this reply to Plaintiffs' Response to Defendant Mack Trucks Inc.'s Rule 12(b)(6) Motion to Dismiss, respectfully showing:

**I. ARGUMENT AND AUTHORITIES**

Plaintiffs mis-paraphrase their own complaint in their response to Mack's motion to dismiss. They claim that their live complaint[1] alleges that "Plaintiff's injury was caused by a bucket crane which was manufactured and sold by Mack Trucks, Inc." Plaintiffs' Resp. (Doc. #15) at p.2. In fact, their complaint alleges that "Decedent's injury was caused by the involved machinery, which was manufactured and sold by Palfinger, Palfinger Canada, Palfinger Europe ***and/or*** Mack …"[2] (emphasis added). The remainder of the threadbare allegations in the petition

---

[1] *See* Plaintiffs' First Am. Pet. (Doc. #1-1 at pp. 15-25).

[2] *See id.* at ¶14.

1

simply lump Mack in with three other, unrelated defendants, collectively as "Defendants," and make group allegations without making any factual allegations at all that are specific to Mack or its product.

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal, "factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 570. To establish the factual plausibility required to "unlock the doors of discovery," a plaintiff cannot rely on "legal conclusions" or "threadbare recitals of the elements of a cause of action," but instead the plaintiff must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Conclusory allegations of collective, unspecified, and undifferentiated wrongdoing [are] not sufficient: 'vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard." *Hall v. Madison Police Dep't,* 2018 U.S. Dist. LEXIS 188230, *3 (N.D. Ohio Nov. 2, 2018) (quoting *Kurek v. Ohio Dep't of Dev. Disabilities*, 2017 U.S. Dist. LEXIS 65473, **2-3 (N.D. Ohio Jan. 20, 2017); *see also Hinjosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("When the plaintiff's complaint uses blanket terms covering all the defendants by lumping them together …, these allegations are properly disregarded[.]"); *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (affirming dismissal of complaint alleging collective responsibility as to all defendants); *Del Castillo v. PIM Holdings N. Am. Inc.*, 2016 U.S. Dist. LEXIS 91051, **62-63 (S.D. Tex. July 13, 2016) (dismissing claims because plaintiff had failed to satisfy Federal Rules 8 and 12(b)(6) pleading requirements by making blanket allegations and lumping defendants together)*; Cain v. City of New Orleans*, 2016 U.S. Dist. LEXIS 63527 **14-17 (E.D. La. May 13, 2016) (dismissing

claims under Rule 12(b)(6) where plaintiff had lumped defendants together); *Zola H. v. Snyder*, 2013 U.S. Dist. LEXIS 125199, \*\*24-27 (E.D. Mich. Sept. 3, 2014) (dismissing complaint that lumped defendants together and failed "to impute concrete acts to specific litigants"); *Petri v. Kestrel Oil & Gas Properties, L.P.*, 2011 U.S. Dist. LEXIS 59809, \*16-17 (S.D. Tex. June 3, 2011) (dismissing claims as not well-pleaded because plaintiff had lumped defendants together without factual pleadings distinguishing plausible claims against each defendant individually); *Grant v. WMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 68880, \*3 (E.D. Cal. June 17, 2010) (holding that a complaint that "lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8").

This is <u>not</u> a well-pleaded complaint vis-à-vis Mack. The sole "and/or" pleading as to Mack is purely speculative and conclusory, and Mack is simply lumped in with other defendants throughout the complaint. The complaint does not provide fair notice to Mack, falls far short of the pleading requirements of Federal Rules 8 and 12, and does not withstand scrutiny under the *Twombly/Iqbal* rubric. The claims against Mack should be dismissed.

## II.  CONCLUSION AND PRAYER

For the reasons set forth in its motion to dismiss and in this reply, Mack Trucks prays that the Court grant its motion to dismiss in its entirety and dismiss all claims and causes of action asserted against Mack. Mack also prays for all other relief to which it is entitled.

Dated: August 10, 2020                    Respectfully submitted,

                                                     HOWRY BREEN & HERMAN, L.L.P.

                                                     /s/ Randy Howry
                                                     Randy Howry
                                                     State Bar No. 10121690
                                                     rhowry@howrybreen.com
                                                     1900 Pearl Street
                                                     Austin, Texas 78705-5408
                                                     Tel. (512) 474-7300
                                                     Fax (512) 474-8557

                                                   *Attorneys for Defendant Mack Trucks, Inc.*

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing document was filed electronically with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court on August 10, 2020. The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

Alexander McSwain
State Bar No. 24106292
amcswain@carlsonattorneys.com
S. Reed Morgan
State Bar No. 14452300
rmorgan@carlsonattorneys.com
THE CARLSON LAW FIRM
100 E. Central Texas Expy
Killeen, Texas 76541

*Attorneys for Plaintiffs Janna Clay, Nancy Clay, and Meredith Brown, as next friend of M.C., a minor*

Michael W. Magee
State Bar No. 12816040
MichaelMagee@MehaffyWeber.com
Elizabeth O. Perez
State Bar No. 24085982
ElizabethPerez@MehaffyWeber.com
MEHAFFYWEBER, P.C.
4040 Broadway St., Suite 522
San Antonio, Texas 78209

*Attorneys for Defendants Palfinger USA, LLC, Palfinger Inc., and Palfinger Europe GMBH*

_____
Randy Howry