**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JANNA CLAY, et al**<br>    **Plaintiff** | §<br>§<br>§<br>§ | |
| **V.** | §<br>§<br>§ | **Civil Action No. 1:20-cv-00724** |
| | §<br>§<br>§ | |
| **PALFINGER, USA, LLC**<br>    **Defendant** | | |

**NON-PARTY ECO-PAN, INC.'S OBJECTIONS TO SUBPOENA
-AND-
MOTION TO QUASH , PLAINTIFFS' SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Non-Party Eco-Pan, Inc. ("Eco-Pan" or "Movant") makes and submits this, **Non-Party Eco-Pan, Inc.'s Objections To Subpoena -and- Motion To Quash Plaintiffs' Subpoena And Motion For Protective Order.** These objections and the accompanying motions relate to a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") issued on January 11, 2021 and served on or about January 18, 2021 on non-party Eco-Pan, Inc. "c/o Corporation Service Company, 6461 Downing St., Denver, CO 80229, United States," in the above styled case, now pending before this Honorable Court. The bases for this Motion are set forth below.

## I. BACKGROUND

**1.01.** Eco-Pan is a non-party to this litigation, which arises out of the events of March 18, 2018, when it is alleged that Cody Clay (deceased) was operating a bucket crane mounted upon a truck owned by Eco-Pan. The underlying lawsuit asserts that Cody Clay received fatal crushing injuries as a result of being trapped between the 'machine' and the truck.[1] The target defendants in this action are various defendants which are grouped for convenience and identified as 'Palfinger.' Palfinger and others are alleged to be a 'product manufacturers, and/or sellers, and/r distributers' [sic] who are responsible for design and warning or labeling defects of the bucket crane.[2]

**1.02.** Eco-Pan is not a party defendant. Eco-Pan was the employer of Cody Clay at all times relevant.

**1.03.** Plaintiffs' subpoena was served upon Eco-Pan on or about January 18, 2021. A true and correct copy of the Subpoena is attached hereto and marked as Exhibit A. Eco-Pan seeks relief in this motion to protect it from the obligation of responding further to the subpoena. The Subpoena is extravagantly broad with an unlimited and unconditioned call for ten non-specific categories of documents, as follows:

1. Produce decedent Cody Clay's complete personnel file, including any documents regarding any payments made to him or on his behalf, or on behalf of his estate, survivors, heirs or dependents.

2. Produce all documents in your possession regarding the purchase of the subject knuckle-boom crane, including communications with any of the named defendants.

---

[1] Plaintiff's First Amended Petition, Caldwell County, Texas, Doc #1-1 at Paragraph 16.

[2] Plaintiff's First Amended Petition, Caldwell County, Texas, Doc #1-1 at Paragraph 16.

3. Produce all documents in your possession regarding the investigation of the incident made the basis of this suit.

4. Produce all personnel files of any of your employees who investigated the incident.

5. Produce all CVs, resumes or contracts for any independent investigation procured from any third party.

6. Produce all documents regarding the design of the knuckle-boom crane/truck.

7. Produce all documents regarding the defective nature of the machine and its capability
to entrap users of its outriggers.

8. Produce all communications with any of the Palfinger entities, its agents, employees, or officers.

9. Produce all communication with any OSHA investigating officers or agents.

10. Produce all documents regarding your decision to use the knuckle-boom crane/truck at any point in time.

## II.   OBJECTIONS TO THE PLACE FOR COMPLIANCE

**2.01.   Objections.** Eco-Pan **OBJECTS** to the place for compliance called for by the Subpoena because there is no legal authority to require production or inspection at such locations. The Subpoena was issued from the Western District of Texas and ostensibly served on Movant's agent for service of process. The Subpoena calls for appearance and production at a location that has no nexus to anything involving the underlying suit, except that the location in Killeen (Bell County), Texas is convenient to the drafters of the subpoena.   The Subpoena seeks to impose both an economic and physical burden upon Eco-Pan by obligating Eco-Pan to produce documents at a location that is beyond 100 miles of where the individual who will be designated to respond either lives, is

employed, or regularly transacts business in person.  Such a choice of location is in violation of FRCP 45 (2)A.

**2.02.   Objection to the Place for Inspection.**  The designated place for inspection of the truck is set at a specific time (8:00 a.m. on February 25, 2020) and a non-specific place.  Eco-Pan moves the court for protective orders to direct that any inspection with respect to the subject truck and crane be undertaken in a manner that is reasonably convenient to all parties, with advance notice of at least two weeks in order to allow time for scheduling the availability of the truck, and at a place that is reasonably proximate to the truck's current location.  Non-party Eco-Pan would show the Court that the truck is currently not within the state of Texas, and the global pandemic limits travel.

**2.03.   Authority.**  Under the provisions of FRCP 45(c) (1)(A),  the subpoena power of district courts is  subject to territorial limitations. For subpoenas issued to nonparty witnesses for hearings and depositions, the subpoenas can only require that a person travel within 100 miles of where "the person resides, is employed, or regularly transacts business." under the new Rule 45(c)(1)(A).  In addition, Rule 45 limits the use of subpoenas for other discovery, including production of documents and inspection of premises.  No legal authority exists for a subpoena  to command production of documents, electronically stored information, or tangible things at a place  that is beyond 100 miles of where the responding party resides, is employed, or regularly transacts business.  See FRCP 45(c)(2).

**2.04.   Relief Sought.**  The Subpoena violates the limits of Rule 45 with respect to its call for document production in Bell County, Texas, as well as with respect to its call for truck

inspection "wherever it may be found."   Eco-Pan both **OBJECTS** to such provisions, and **MOVES**  for protective orders to be relieved of any further obligation of responding to the subpoena.

### III.   OBJECTIONS TO SPECIFIC CALLS OF THE SUBPOENA

3.01.   **Eco-Pan OBJECTS to Item 1 of the Production Call for the Subpoena, which states:**

> 1. Produce decedent Cody Clay's complete personnel file, including any documents regarding any payments made to him or on his behalf, or on behalf of his estate, survivors,  heirs or dependents.

Eco-Pan **OBJECTS** to the production called for by Item 1.   Item 1 calls for the production of materials which inescapably will include matters which are subject to the privilege and privacy rights of the employee in question.  As an employer, Eco-Pan has a responsibility to protect items of employee private information, including but not limited to HIPAA protected content, social security numbers and information, and  medical information. Employee files routinely contain such information, and this Movant should not be place in a position of risk by compliance without protest.  Movant requests either that the court order that private and privileged information be redacted, at the expense chargeable to Plaintiff's counsel in advance, or alternatively, that this Court issue order requiring the production and relieving Movant of any obligation to make decisions about what should or should not be produced.

3.02.   **Eco-Pan OBJECTS to Item 2 of the Production Call for the Subpoena, which states:**

> 2. Produce all documents in your possession regarding the purchase of the subject knuckle-boom crane, including communications with any of the named defendants.

Item 2 requires the Movant to expend disproportionate amounts of time and expense in order to search through both paper archives and digitally stored information, which could be in more than one place and more than one format. The effort which Plaintiff's counsel would require is massively disproportionate to the possible benefit, particularly when transactional documents can best be obtained from the sellers or distributors. This objection and the accompanying Motion for Protective Order shall be supported with one or more declarations, as necessary, which shall be provided by supplement to this motion prior to the date set for hearing.

3.03.   Eco-Pan OBJECTS to Item 3 of the Production Call for the Subpoena, which states:

> 3.  Produce all documents in your possession regarding the investigation of the incident made the basis of this suit.

Item Number 3 is extravagantly overbroad, because it seeks discovery relating to matters of legal investigations undertaken by or on behalf of Eco-Pan with respect to potential civil litigation, and governmental agency investigation. Eco-Pan invokes the **work product privilege** and the **attorney-client privilege**, and would specifically show this Court that materials in the nature of investigation were undertaken for the purpose of defending against a claim or potential claim from the date of the injury forward.

In addition, Movant invokes the **deliberative process privilege**, which is a concept of federal origin which relates to the formation of ideas, plans and strategies when dealing with disputes or confrontations. A specific case in point is the status of government

investigations, including OSHA. Governmental agencies are often slow to act, and even more so during the time of the COVID pandemic. Eco-Pan has no knowledge as to whether the OSHA investigation may be re-opened, or whether future proceedings may be favorable or favorable to the rights of Eco-Pan. During the period of time in which a risk of continuing investigation by OSHA may exist, Movant requests that the Court GRANT Movant's objections, and DENY the Plaintiff's right to obtain by subpoena any production of OSHA documents, other than through the process authorized specifically by the Freedom of Information Act.

3.04.   **Eco-Pan OBJECTS to Item 4 of the Production Call for the Subpoena, which states:**

> 4.  Produce all personnel files of any of your employees who investigated the incident.

Eco-Pan **OBJECTS** to the production called for by Item 4 for each and all of the reasons set forth in the objections to Item 1. The request for personal and privileged health and HIPAA information for other Eco-Pan employees is particularly egregious where none of the employees had any role in the occurrence of the accident. Eco-Pan **OBJECTS** to the production called for by Item 4 because the request violates the privacy rights of the employees and their employer. In addition to all of the foregoing, detached and far-removed positions of other employees would strongly suggest that personal information about such employees is not reasonably calculated to lead to the discovery of admissible evidence. Eco-Pan so **OBJECTS.**

3.05.   **Eco-Pan OBJECTS to Item 5 of the Production Call for the Subpoena, which states:**

> 5. Produce all CVs, resumes or contracts for any independent investigation procured from any third party.

Eco-Pan discloses that, to the best of its knowledge, and without undertaking an exhaustive search at great expense and consumption of time on the part of Eco-Pan. Eco-Pan does not have possession, custody or control of documents which would be responsive to Item 5.

Eco-Pan **OBJECTS** to the production called for by Item 5 for each and all of the reasons set forth in the objections to Item 1 and Item 4. Investigation material is privileged and protected by the work product privilege, the attorney client privilege, and the deliberative process privilege. Specific support for these privileges and their applicability will be provided by a declaration of a representative of Eco-Pan.

**3.06. Eco-Pan DOES NOT OBJECT to Item 6 of the Production Call for the Subpoena, which states:**

> 6, Produce all documents regarding the design of the knuckle-boom crane/truck.

Eco-Pan discloses that, to the best of its knowledge, and without undertaking an exhaustive search at great expense and consumption of time on the part of Eco-Pan. Eco-Pan does not have possession, custody or control of documents which would be responsive to Item 6.

**3.07.   Eco-Pan DOES NOT OBJECT to Item 7 of the Production Call for the Subpoena, which states:**

> 7,   Produce all documents regarding the defective nature of the machine and its capability to entrap users of its outriggers.

Eco-Pan discloses that, to the best of its knowledge, and without undertaking an exhaustive search which would include sources or locations that are not reasonably accessible because of undue burden or cost. Eco-Pan does not have possession, custody or control of documents which would be responsive to Item 7.

**3.08.   Eco-Pan OBJECTS to Item 8 of the Production Call for the Subpoena, which states:**

> 8.   Produce all communications with any of the Palfinger entities, its agents, employees, or officers.

Item Number 8 is extravagantly **overbroad**, because it seeks discovery relating to matters of unlimited years of communications with four separate entities bearing the name 'Palfinger', without regard to limits in scope of specific individuals, content, subject matter, or time. Eco-Pan further OBJECTS to Item No. 8. because the expense and consumption of time which would be required to conduct a search of paper archives and digital data would be oppressive and harassing and burdensome to Eco-Pan. The unmitigated expanse of this Request is grossly disproportional to any benefit which could potentially be obtained. Eco-Pan should not be pressed into service as an unwilling and unpaid research clerk at the whim of Plaintiff's requests.

**3.09.   Eco-Pan OBJECTS to Item 9 of the Production Call for the Subpoena, which states:**

> 9.   Produce all communication with any OSHA investigating officers or agents.

Eco-Pan **OBJECTS** to the production called for by Item 9 for each and all of the reasons set forth in the objections to Item 1 and Item 4.  Investigation material is privileged and protected by the work product privilege, the attorney client privilege, and the deliberative process privilege.  Specific support for these privileges and their applicability will be provided by a declaration of a representative of Eco-Pan.

**3.10    Eco-Pan DOES NOT OBJECT to Item 10 of the Production Call for the Subpoena, which   states:**

> 10. Produce all documents regarding your decision to use the knuckle-boom crane/truck at  any point in time.

Eco-Pan  discloses that, to the best of its knowledge, and without undertaking an exhaustive search at great expense and consumption of time on the part of Eco-Pan. Eco-Pan does not have possession, custody or control of documents which would be responsive to Item 10.

**3.11.    Relief Sought.**  The Subpoena violates the rights and privileges of violates the limits of Eco-Pan  with respect to its overly broad calls for documents or information that is not calculated to lead to the discovery of admissible evidence.  The Subpoena imposes undue burdens  in terms of costs or expenses which would be incurred by Movant in the event that searches for information, unrestricted as to content, time frame, or subject matter.  The Subpoena invades privileges of Movant related to ongoing investigation in pending legal matters.    Eco-Pan both **OBJECTS** to the unreasonable  and overbroad provisions of the Subpoena, and **MOVES**   for protective orders to be relieved of any further obligation of responding to the subpoena.

## IV.   MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

**4.01.**   This Court <u>must</u> quash the Subpoena under Rule 45(d)(3)(A) because:

a) The Subpoena requires the disclosure of matters which may be privileged or other protected matters of others, in violation of 45(d)(3)(A)(iii);

b) The Subpoena subjects Eco-Pan to undue burden in violation of Rule 45(d)(3)(A)(iv);

c) The Subpoena seeks information that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, and less expensive (Rule 26 (2)(C)(i)); and

d) The burden or expense of the proposed discovery sought by Plaintiff outweighs its likely benefit (Rule 26 (2)(C)(iii)).

## V.   DISCRETIONARY GROUNDS FOR THIS MOTION

This Court <u>should</u> quash the Subpoena under Rule 45(d)(3)(B) and Rule 26 because:

**5.01**   The Subpoena requires disclosure of confidential or privileged information in violation of 45(d)(3)(B)(i);

**5.02**   The Subpoena seeks documents and information wholly unrelated to and irrelevant to Plaintiffs' present lawsuit in violation of Rule 26; and

**5.03**   The Subpoena is an abuse and misuse of the subpoena power provided by Rules 26 and 45.

## VI.   RELIEF SOUGHT

**6.01.**   Eco-Pan's objections to the Subpoenas should be sustained;

**6.02.** The Subpoena should be quashed pursuant to Rule 45 FRCP.

**6.03.** The Court should enter an order to quash the subpoena and a protective order pursuant to the authority of Rule 26 FRCP, to order that Eco-Pan is relieved of any obligation to make any further response to the Subpoena.

**6.04.** Additional protective orders should issue to forbid the issuance or service of any subsequent subpoenas which call for the production of documents or other tangible things by Eco-Pan in this action.

**6.05.** Plaintiff and/or Plaintiffs' counsel should be required to pay reasonable attorney's fees and expenses incurred by or on behalf of Eco-Pan with respect to this Motion.

**6.06.** Movant intends to supplement these Objections, if same be necessary, with one or more declarations, from persons with knowledge of relevant facts relating to the subjects addressed by the Subpoena. In the event that leave of court is required for such supplementation, Movants request such leave at this time, and would show the Court that there has been insufficient time to submit these Objections in a timely manner according to Rule 45 FRCP and obtain the contemplated declarations by the filing deadline.

WHEREFORE, Non-Party Eco-Pan, Inc. requests that the Court enter orders (1) to quash the Subpoena; (2) to protect Eco-Pan from the risk of future subpoenas in this action; (3) to award to Eco-Pan its attorney's fees and costs incurred in connection with this Motion; and (4) to grant such other and further relief as requested in this Motion, or as Eco-Pan may show itself to be justly entitled.

Respectfully Submitted,

/s/ *Timothy U. Stanford*
Timothy U. Stanford
Texas State Bar No. 19041030
tstanford@downsstanford.com
Rodney M. Patterson
Texas State Bar No. 15605300
rpatterson@downsstanford.com

DOWNS & STANFORD, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
(214) 748-7900 – Telephone
(214) 748-4530 – Facsimile

**Attorneys for Non-Party Movant Eco-Pan, Inc.**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Non-Movant has requested of Plaintiff's counsel an agreement to these objections and the accompanying motions. At this time, attorneys have not been able to resolve those matters presented   The matter is therefore submitted for hearing pursuant to the Federal Rules of Civil Procedure.

Certified on this 1st day of February, 2021.

/s/ *Rodney M. Patterson*
Rodney M. Patterson

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record electronic filing on this 1st day of February, 2021.

/s/ *Rodney M. Patterson*
Rodney M. Patterson