**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JANNA CLAY, at al. | § | |
| | § | |
| v. | § | A-20-CV-724-LY |
| | § | |
| PALFINGER USA, LLC, et al. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Opposed Motion to Amend Pleading and for Joinder (Dkt. No. 25), Defendant Palfinger, Inc.'s Rule 12(b)(2) Motion to Dismiss (Dkt. No. 7); Defendant Palfinger Europe GmbH's Rule 12(b)(2) Motion to Dismiss (Dkt. No. 16); and the parties' associated response and reply briefs. The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), Fed. R. Civ. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I.  GENERAL BACKGROUND**

This is a tort action arising from an incident involving what is known as a "bucket crane truck." On March 14, 2018, while working for his employer, Eco-Pan, Inc., Cody Clay was operating a bucket crane truck when he became trapped by the machine, causing his death. Dkt. No. 1-1 at ¶¶ 13-14. On January 3, 2020, Plaintiffs Janna Clay, Nancy Clay, and Meredith Brown, acting as next friends for decedent Cody Clay's child, M.C., filed an Original Petition in the 421st Judicial District Court of Caldwell County, Texas, alleging negligence, products liability, wrongful death and survival action claims against Palfinger USA, LLC, Palfinger Inc., Palfinger Europe GmbH, and Mack Trucks, Inc. *Id*. The Petition states that the Plaintiffs seek damages of more than $1,000,000.

*Clay et al v. Palfinger et al.*, Cause No. 20-O-008 (Dkt. No. 1-1). Defendants removed the suit to federal court on the basis of diversity jurisdiction, alleging diversity jurisdiction exists. Dkt. No. 1. After removal, Defendants Palfinger, Inc. and Palfinger Europe GmbH each moved for dismissal based on lack of personal jurisdiction (Dkt. Nos. 7, 16), and Defendant Mack Trucks, Inc. moved to dismiss under Rule 12(b)(6) (Dkt. No. 9).[1]

Thereafter, Plaintiffs filed an Opposed Motion for Leave to File an Amended Complaint and for Joinder (Dkt. No. 25), seeking to join Mr, Clay's employer, Eco-Pan, Inc. and his direct supervisor, Todd Hellums, as defendants. Dkt. No. 25. Defendants oppose Plaintiffs' motion, asserting that Plaintiffs are seeking to join Todd Hellums for the sole purpose of destroying diversity, and arguing that the Court should exercise its discretion to deny joinder. Dkt. No. 28.

## II.  MOTION TO AMEND AND FOR JOINDER

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Federal district courts have original jurisdiction over civil actions if the parties have diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, there is no dispute regarding the amount in controversy, which Plaintiffs allege to be in excess of $1,000,000. Dkt. No. 1-1 at ¶ 2.

There is also no dispute regarding the citizenship of the original parties and the parties Plaintiffs seek to add. For the purposes of the diversity analysis, Plaintiffs Janna Clay, Nancy Clay,

---

[1] On February 4, 2021, Plaintiffs and Mack Trucks, Inc. filed a stipulation of dismissal of the claims against Mack Truck, so the Court need not address Mack Truck's 12(b)(6) motion.

and Meredith Brown are all citizens of Texas. Dkt. No. 1-1 at ¶¶ 3-5. Palfinger USA, LLC is a Delaware limited liability company. As noted in the Notice of Removal,

> [t]he citizenship of a limited liability company is determined by the citizenship of each member of the company. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). The sole member of Palfinger USA, LLC is Omaha Standard, LLC a Colorado corporation with a principal place of business in Council Bluffs, Iowa. Therefore, Palfinger USA, LLC is a citizen of Delaware, Ohio, and Colorado.

Dkt. No. 1 at 5 ¶ 14 (citation omitted). Defendant Palfinger, Inc. is a Canadian corporation with its principal place of business in the province of Ontario. Dkt. Nos. 1-1 at ¶ 7; 1 at ¶ 15. Defendant Palfinger Europe GmbH is a business organized under the laws of the European Union, located and doing business in Salzburg, Austria. *Id.* Dkt. Nos. 1 at ¶ 8; 1 at ¶ 16. Defendant Mack Trucks, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. *Id.* at ¶ 9. Thus, as a preliminary matter, Defendants' removal was proper.

However, a court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). Because joinder of a non-diverse defendant defeats a court's jurisdiction, the court has discretion to permit or deny such a joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005) (finding a plaintiff must seek leave to amend if joining a non-diverse party even if the plaintiff has not yet used its one free amendment and is seeking to amend within the time allowed by FRCP 15(a)(1)).

The Fifth Circuit has instructed district courts to exercise discretion when considering a proposed amendment which adds a non-diverse defendant and deprives the court of jurisdiction. *See*

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The court should scrutinize the proposed amendment more closely than it would consider an ordinary amendment under Rule 15, which requires a court to "freely give leave to amend when justice so requires." *Id.*; FED. R. CIV. P. 15(a)(2). Under *Hensgens*, some of the factors a court should consider are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. *Hensgens*, 833 F.2d at 1182. If the court permits amendment, then it must remand the case to state court. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013). Here, Plaintiffs seek to amend their petition post-removal to join two additional defendants, one of whom is a citizen of Texas. Dkt. No. 25. Proposed defendant Eco-Pan, Inc. is a citizen of Colorado and its joinder would not affect diversity, so the motion to join it is not subject to the *Hensgens* analysis. Dkt. No. 28 at 2. However, proposed defendant Todd Hellums is a Texas citizen, so his joinder would defeat diversity and necessitate remand. *Id.* Whether Plaintiffs should be permitted to make this amendment must therefore be analyzed under the *Hensgens* factors.

In considering the first *Hensgens* factor, courts consider whether the plaintiff knew or should have known the identity of the non-diverse defendant when he filed his original state court petition. *See Rouf v. Cricket Communications, Inc.*, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying a motion to amend after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). Further, if the plaintiff moves to amend his petition to add a non-diverse defendant after the notice of removal has been filed, some courts have considered this evidence tending to show a purpose to destroy diversity jurisdiction. *Gallegos v. Safeco Ins. Co. of*

4

*Ind.*, 2009 WL 4730570, *4 (S.D. Tex. Dec. 7, 2009) (filing a motion for leave to amend and for remand less than a month after removal evidenced the amendment's principal purpose was defeating jurisdiction); *see also Karr v. Brice Bldg. Co., Inc.*, 2009 WL 1458043, *4 (E.D. La. 2009). The first *Hensgens* factor has been described as the "most important" factor of the four. *Flores v. Arch Ins. Co.*, 2015 WL 4430866, at *2 (W.D. Tex. July 17, 2015) (citing *Adey/Vandling*, 2012 WL 534838, at *4). Here, the first factor weighs heavily against amendment—Hellum was Mr. Clay's direct supervisor, and the evidence shows Plaintiffs knew of his identity when they filed the original state court petition. Despite their knowledge of Hellum's identity and involvement in the incident, Plaintiffs chose not to join Hellums as a party. Further, the claims that Plaintiffs now attempt to assert against Hellums were available at the time of the state court petition—nothing in the proposed amendment provides any new facts or legal bases unavailable to Plaintiffs at the time of their state court petition. Accordingly, the first factor weighs against allowing the joinder of Hellums.

For the second factor, courts consider the "procedural posture of the case, particularly whether trial or pre-trial dates were scheduled, or any significant activity beyond the pleading stage has occurred." *Murphy v. Sterline Jewelers Inc.*, 2018 WL 7297905, at *7 (W.D. Tex. Feb. 13, 2018) (quoting *Anzures v. Prologis Texas, LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012)). Courts will also consider how much time has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal. *Murphy*, 2018 WL 7297905, at *7. Generally, a plaintiff is not dilatory where no significant activity beyond the pleading stage has occurred. *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709 (W.D. Tex. 2014). However, "the analysis is different when the proposed amendment is to add a non-diverse defendant shortly after removal based on federal diversity jurisdiction." *Gallegos*, 2009 WL 4730570, *4 (citing *Irigoyen*

5

*v. State Farm Lloyds*, 2004 WL 398553 (S.D. Tex. Aug. 1, 2016). "A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," particularly when, at the time of filing, a plaintiff knew of the potential defendant's role in the case. *Irigoyen*, 2004 WL 398553, at *4. Plaintiffs' motion to add Hellums was filed four months after Defendants removed the case to federal court, which took place roughly one month after the suit was first filed. *See* Dkt. Nos. 1, 25. When it appears that a plaintiff's true motive in seeking to add a defendant is to defeat jurisdiction, the speed with which the amendment is requested is not the focus. *See Adey/Vandling, Ltd. V. Am. First Ins. Co.*, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). Instead, the timing of the amendment being made shortly after removal suggests that Plaintiffs were dilatory in not joining Hellums in the first instance. Though this factor is not strong, it still supports denying Plaintiffs leave to amend.

The third *Hensgens* factor considers whether a plaintiff will be significantly injured if amendment is not allowed. For this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). Courts addressing this issue often consider whether the named defendant would be unable to satisfy a future judgment. *Gallegos*, 2009 WL 4730570, at *5; *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F.Supp. 39, 41 (E.D. Tex. 1994). Conversely, courts also look to plaintiff's likely recovery from the proposed non-diverse defendant. *Gallegos*, 2009 WL 4730570, at *5; *Irigoyen*, 2004 WL 398553, at *5. Also relevant is "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling, Ltd.*, 2012 WL 534838, at *4. Denying Plaintiffs leave to add

6

Hellums could force Plaintiffs to file a separate suit against him, something that would qualify as harm to Plaintiffs.  However, since Plaintiffs can properly join proposed defendant Eco-Pan, Inc. without destroying diversity, the addition of Hellums is not necessary—Plaintiffs can adequately recover for any alleged liability of Hellums from Eco-Pan, Inc. under the doctrine of *respondeat superior*.

Finally, the Court considers any other factors bearing on the equities.  One factor noted by the parties is the Defendants' interest in maintaining a federal forum.  Dkt. No. 28.  Courts often consider this interest, although this fact is "likely to be present in every case that seeks to add a non-diverse defendant."  *City of Kerrville, Texas v. C&C Groundwater Serv. LLC*, 2012 WL 12864944, at *3 (W.D. Tex. July 20, 2012).  Defendants further identify the fact they have already filed motions to dismiss in the instant action, each of which is fully briefed and ripe for consideration. Dkt. No. 28 at 6.  Defendants argue that allowing joinder will cause the Defendants to incur unnecessary costs and expenses refiling those motions to dismiss in state court, should the case be remanded.  *Id.* at ¶ 19.  For their part, Plaintiffs do not identify any additional equitable factors which have not already been addressed by the Court.

Reviewing the *Hensgens* factors as a whole, they suggest that the Court should exercise its discretion by denying Plaintiffs' request to amend and add Todd Hellums.  Plaintiffs knew of Hellums and his potential liability at the time they filed suit, yet they waited until several months after removal to seek to add him.  Plaintiffs will not be prejudiced if they are denied leave to join Hellums since they can seek recovery from Eco-Pan for his actions under the *respondeat superior* doctrine.  And the other equities urge in favor of denying leave.

With respect to Eco-Pan, Inc., as discussed above, it is a citizen of Colorado and its joinder would have no impact on the Court's jurisdiction. The motion seeking to join it is thus not subject to the higher scrutiny required by *Hensgens*, but instead is reviewed under the lenient standard of Rule 15(a)(2), which directs a court to "freely give leave to amend when justice so requires." FED. R. CIV. P. 15(a)(2). Defendants do not appear to oppose the joinder. *See* Dkt. No. 28. Thus, the Court recommends Plaintiffs be granted leave to join Eco-Pan, Inc. as a defendant.

### III. MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

As stated above, Defendants Palfinger, Inc. and Palfinger Europe GmbH each move to dismiss the claims against them for lack of personal jurisdiction. Dkt. Nos. 7, 16.

**A.     Rule 12(b)(2) Standard**

A defendant who is not resident in the forum state may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). When such a motion is made, if the court rules on it "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion. . . ." *Id.* (internal quotations and citations omitted). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Id.* The plaintiff must prove that the court has jurisdiction over the defendant with regard to each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

A federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant if (1) the state's long-arm statute permits an exercise of jurisdiction over that defendant, and (2) an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha,* 882 F.3d at 101; *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied,* 131 S.Ct. 68 (2010). Because the requirements of Texas's long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether this Court's exercise of personal jurisdiction over the Defendants would be consistent with due process. *Id.* The Supreme Court has articulated a two-part test to determine whether a federal court sitting in diversity may properly exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have sufficient "minimum contacts" with the forum state, and (2) subjecting the nonresident to jurisdiction in the forum state must not offend traditional notions of "fair play and substantial justice." *McFadin*, 587 F.3d at 759 (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" may give rise to either specific or general personal jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Jackson v. Tanfoglio Giuseppe, S.R.L.,* 615 F.3d 579, 584 (5th Cir. 2010).

In this Circuit, specific personal jurisdiction is a claim-specific inquiry; a plaintiff bringing multiple claims that arise out of different forum contacts must establish specific jurisdiction for each claim. *McFadin,* 587 F.3d at 759. Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). The touchstone of specific-jurisdiction analysis is "whether the defendant's contact shows that it reasonably anticipates being haled into court." *McFadin*, 587

F.3d at 759. Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103 (quoting *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2014). Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 285.

**B.     Palfinger, Inc.'s Motion**

Palfinger, Inc. alleges that Plaintiffs' claims against it should be dismissed under Rule 12(b)(2) because it is not subject to personal jurisdiction in Texas. Dkt. No. 7. In its motion, Palfinger, Inc. first asserts that is not subject to general personal jurisdiction because it is not "at home" in Texas and because its contacts with Texas are not substantial, continuous, or systematic. *Id.* at 8. Absent exceptional circumstances, a corporation is only at home in two places: (1) its place of incorporation and (2) its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Even "continuous activity of some sorts within a state is not enough to support [general personal jurisdiction]." *Int'l Shoe*, 326 U.S. at 318. Contacts which are sporadic, insubstantial, random, fortuitous, or attenuated are not sufficient for purposes of conferring general personal jurisdiction on a corporation. *Burger King*, 471 U.S. at 475.

Palfinger, Inc. is a foreign company, organized in Canada with its principal place of business in Ontario. Dkt. No. 7-2. Thus, Palfinger, Inc. is correct that it is not "at home" in Texas. With its

motion, Palfinger, Inc. submits evidence demonstrating that its contacts with Texas are not substantial, continuous, or systematic such as to subject it to general personal jurisdiction in the state. Dkt. No. 7 at 10. For example, Palfinger, Inc. states that during the time frame relevant to this case, it did not own, use or possess any property in Texas, was not registered or licensed to do business in Texas, did not have a registered agent for service of process in Texas, did not advertise or market its products in Texas, and did not pay any taxes in Texas. *Id.* Plaintiffs do not contradict any of these facts. Accordingly, the Court agrees that it does not have general personal jurisdiction over Palfinger, Inc. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996) (no support general personal jurisdiction over Australian company where it was headquartered in Australia; had no offices, employees, or bank accounts in Texas; had not solicited businesses in Texas; had never owned property in Texas; had not paid taxes in Texas; and had never entered into a contract in Texas).

Palfinger, Inc. also asserts that it is not subject to the Court's specific personal jurisdiction either. Dkt. No. 7 at 11-16. For a court to exercise specific personal jurisdiction over a defendant, two requirements must be met: (1) the defendant's contacts with the forum must be purposeful; and (2) the cause of action must arise from or relate to those contacts. *Burger King*, 471 U.S. at 474; *Coleman*, 83 S.W.3d at 806. Here, Palfinger, Inc. argues that neither requirement is met. In support of its position, Palfinger, Inc. points to the fact that it did not manufacture, sell, or ship the subject crane assembly to Texas. Dkt. No. 7 at 12-14. Palfinger, Inc. offers evidence that the crane would have been designed and manufactured by Palfinger Europe GmbH. Dkt. No. 7 at 5. The predecessor to Palfinger USA, LLC then ordered a crane assembly from Palfinger, Inc., which assembled it and attached its outriggers and controls in Canada. *Id.* Palfinger, Inc. then sold and delivered the crane assembly to Palfinger USA, LLC's predecessor in Tiffin, Ohio. Palfinger USA registered the crane

11

assembly as intended for end user "BRUNDAGE BONE - ECO PAN." *Id.* Finally, it states that it does not know how the assembly got from Brundage-Bone Concrete Pumping Inc. (located in Colorado), to Texas, where it ultimately was when the accident at issue in this case occurred. Based on this evidence, Palfinger Inc. asserts there is no activity it took that reveals it has any substantial connection with Texas, and Plaintiffs' claim does not arise out of any contacts Palfinger Inc. has with Texas. *Id.* at 14-15. Once again, Plaintiffs do not contradict any of these facts.

Instead, Plaintiffs sole theory in support of jurisdiction is an alter ego argument. The argument itself is a bit amorphous. In essence, Plaintiffs claim that all of the Palfinger entities are the alter ego of each other, and the actions of other Palfinger entities, including Palfinger Americas GmbH[2] and Palfinger USA should be imputed to Palfinger, Inc. *See* Dkt. No. 13 at 2-4. But Texas law presumes that separate companies, even if related, are distinct entities. *PHC–Minden, L.P. v. Kimberly–Clark Corp.*, 235 S.W.3d 163, 173 (Tex. 2007). To pierce the corporate veil in the personal jurisdiction context, there must be "something beyond the subsidiary's mere presence within the bosom of the corporate family." *Dickson Marine, Inc. v. Panalpina, Inc*., 179 F.3d 331, 338 (5th Cir. 1999). Rather,

> [t]o ''fuse'' the parent company and its subsidiary for jurisdictional purposes, the plaintiffs must prove the parent controls the internal business operations and affairs of the subsidiary. But the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship; the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice.

*BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 799 (Tex.2002). Because there is a presumption that separate corporations are not alter egos, the burden is on the Plaintiffs to show

---

[2]As Palfinger, Inc. notes in its reply, Palfinger Americas GmbH is not a party to this suit, so any connection Palfinger, Inc. may have to it is irrelevant to the Court's jurisdictional analysis.

otherwise. *PHC–Minden*, 235 S.W.3d at 173.

There are many things lacking in the Plaintiffs' argument on this point, First, they fail to present sufficient evidence to overcome the presumption that the Palfinger entities are separate entities. Their focus on the 2019 Annual Report of the Palfinger Group[3] is misplaced. At best, that document simply demonstrates that the Palfinger Group is made up of a number of related, separate business entities. It does not demonstrate the additional facts—facts which the Plaintiffs speculate about in their response—regarding the level of control or financial independence Palfinger Inc. enjoys. The specific evidence offered by Palfinger, Inc. demonstrates the opposite of what Plaintiffs contend. *See* Dkt. No. 14 at 6. Nor does the annual report offer any evidence regarding the precise corporate relationship between Palfinger, Inc., Palfinger Europe, GmbH, and Palfinger USA, LLC. Indeed, once again, the only competent evidence on that issue comes from the Defendants, and shows that there is no direct parent/subsidiary relationship between the three entities. *Id.* at 5. Finally, and most importantly, Plaintiffs fail to present competent evidence that *any* of the three Palfinger entities have sufficient contacts with Texas to subject any of them to jurisdiction here. So even if the Court were to treat the three as a single entity, the Plaintiffs have failed to offer a factual basis for the Court to assert jurisdiction over the combined group.

Moreover, for the Court to exercise either general or specific jurisdiction over Palfinger, Inc. the Court must find that doing so comports with traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316. In so determining, the Court balances (1) the burden

---

[3] Palfinger, Inc. objects to the annual report as not being competent evidence because it was not "prepared, written, or overseen by Palfinger, Inc." Dkt. No. 14 at 4. While this fact might have some bearing on the weight the Court should give to the document, it is less than clear it makes the document incompetent evidence. Regardless, as seen in the text, even if considered, the annual report is not enough to demonstrate that the Court has jurisdiction over Palfinger, Inc.

on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *World–Wide Volkswagen*, 444 U.S. at 292. Having considered these factors and the parties' arguments, the Court concludes that the traditional notions of fair play and substantial justice weigh against exercising jurisdiction over Palfinger, Inc. Accordingly, the undersigned recommends that Palfinger, Inc.'s motion to dismiss be granted and Plaintiffs' claims against Palfinger, Inc. be dismissed for lack of personal jurisdiction.

      **B.**      **Palfinger Europe GmbH's Motion**

Similarly, Palfinger Europe GmbH argues that Plaintiffs' claims against it must be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Dkt. No. 16. Palfinger Europe GmbH's and Plaintiffs' arguments are substantially similar to those addressed above on Palfinger, Inc.'s motion. Palfinger Europe argues that because it is an Austrian company located in Austria, it is not "at home" in Texas, and thus not subject to general personal jurisdiction. Dkt. No. 16 at 7-8. Palfinger Europe also submits evidence in support of its argument that it has not engaged in "continuous and systematic" contacts with Texas, including that Palfinger Europe has no offices in Texas, has not solicited business in Texas, is not registered to do business in Texas, and does not pay taxes in Texas. *Id.* at 10. The Court agrees that the record demonstrates that there is no general personal jurisdiction over Palfinger Europe in this case.

Palfinger Europe next asserts that because it did not manufacture, sell, or ship the subject crane parts to Texas, and because it has no substantial connection to Texas, that Plaintiffs' causes of action do not arise of out any contact Palfinger Europe has had with Texas. Dkt. No. 16 at 11-16.

Palfinger Europe presents sworn testimony that it manufactured a crane and component parts in Austria and subsequently sold them to a company in Canada. *Id.* at 14; Dkt. No. 16-3. That the crane and component parts later ended up in Texas does not show that Palfinger Europe directed any action at Texas, however. *See Thunderbird Supply, Co. v. Williams*, 161 S.W.3d 731, 735 (Tex. App. 2005) (no specific jurisdiction over a Mexican company where there was no evidence the company made efforts to market its product in Texas or even that it was aware that a third party was marketing the product in Texas). Given the lack of evidence that Plaintiffs' claims arise out of any purposeful contacts of Palfinger Europe with Texas, the Court concludes it does not have specific personal jurisdiction over Palfinger Europe.

Lastly, Palfinger Europe asserts that in light of the lack of minimum contacts with Texas, the constitutional requirement of due process favors dismissal of the claims against Palfinger Europe. Dkt. No. 16 at 17-19. Having considered the relevant factors and the parties' arguments, the Court concludes that the traditional notions of fair play and substantial justice weigh in favor of dismissing the claims against Palfinger Europe GmbH. Accordingly, the undersigned recommends that Palfinger Europe GmbH's motion to dismiss (Dkt. No. 16) be granted in full, and Plaintiffs' claims against Palfinger Europe GmbH be dismissed.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT IN PART x**and **DENY IN PART** Plaintiffs' Opposed Motion to Amend Pleadings and for Joinder (Dkt. No. 25). Specifically, the Court recommends that the motion be **GRANTED** as to Eco-Pan, Inc. and **DENIED** as to Todd Hellums. The undersigned **FURTHER RECOMMENDS** the District Court **GRANT** Defendants Palfinger, Inc. and Palfinger Europe GmbH's Motions to

Dismiss (Dkt. Nos. 7 & 16) and dismiss Plaintiffs' claims against them for lack of personal jurisdiction.

The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the Honorable Lee Yeakel.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of February, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE